## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HUGO GARCIA**                                     **CIVIL ACTION NO.**

**VERSUS**                                           **18-764-BAJ-EWD**

**WESTLAKE CHEMICAL CORPORATION, WESTLAKE CHEMICAL ENERGY, LLC, AND TURNER INDUSTRIES, LLC**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 21, 2019.

                                                       **ERIN WILDER-DOOMES**
                                                       **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUGO GARCIA** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-764-BAJ-EWD** |
| **WESTLAKE CHEMICAL CORPORATION, WESTLAKE CHEMICAL ENERGY, LLC, AND TURNER INDUSTRIES, LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand ("Motion")[1] filed by Hugo Garcia ("Plaintiff"). The Motion is opposed by defendants Westlake Chemical Corporation and Westlake Chemical Energy, LLC (the "Westlake Defendants").[2] Plaintiff has filed a Reply.[3]

Also, before the Court is the Motion for Leave to Supplement the Record ("Motion to Supplement")[4] filed by Plaintiff, which was referred to the undersigned.

For the reasons set forth herein, the undersigned **RECOMMENDS**[5] that the Motion to Remand[6] be **DENIED**. In the event this recommendation is adopted, the undersigned **FURTHER RECOMMENDS** that this matter be referred for a scheduling conference.[7] The Motion to Supplement[8] is **DENIED.**

---

[1] R. Doc. 5.
[2] R. Doc. 7.
[3] R. Doc. 13.
[4] R. Doc. 19.
[5] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).
[6] R. Doc. 5.
[7] The undersigned deferred the setting of a scheduling conference to allow resolution of the Motion to Remand. *See* R. Docs. 6, 16.
[8] R. Doc. 19.

I.   **Background**

On July 3, 2018, Plaintiff filed his Original Petition (the "Petition") against the Westlake Defendants and his employer, Turner Industries, LLC ("Turner"). Per the Petition, Plaintiff alleges that on May 24, 2018, he was performing "hydro-blasting" work for Turner at the Westlake Defendants' chemical plant in Plaquemine, Louisiana.[9] Plaintiff alleges that he suffered severe injuries to his hand, back, and other body parts when the hose to the pressure washer he was using exploded (the "Accident") as the result of negligence, negligence per se, and gross negligence on the part of all Defendants.[10] Plaintiff also specifically alleges that Turner was "substantially certain" that Plaintiff's injuries would result from these "failures."[11]

On August 13, 2018, the Westlake Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000 exclusive of interest and costs and that the properly joined parties are completely diverse.[12] In the Notice of

---

[9] R. Doc. 1-2, p. 6, ¶ III-A.
[10] R. Doc. 1-2, p. 6, ¶ III-A.
[11] R. Doc. 1-2, p. 6, ¶ III-A.
[12] R. Doc. 1 ¶¶ 5, 31. With respect to the amount in controversy, Plaintiff alleges in the Petition that he suffered severe and "permanent" injuries to his hand, back, and/or other body parts when the hose to the pressure washer he was using exploded, including but not limited to, orthopedic injuries, mental distress, and other harms which have and will cause Plaintiff "residual disability." R. Doc. 1-2, ¶ IV-A. In connection with these injuries, Plaintiff seeks past and future: disfigurement, pain and suffering, mental anguish and distress, loss of enjoyment of life, medical expenses, lost earnings, loss of earnings capacity, and physical impairment. Plaintiff also alleges that he "has been damaged in a sum far in excess of the minimum jurisdictional limits of [the state court]…" and requests a trial by jury. R. Doc. 1-2, ¶ IV-A and ¶ VI-A. In the Notice of Removal, the Westlake Defendants rely solely on the foregoing to establish that the amount in controversy requirement is met. R. Doc. 1, ¶¶ 30-31. While it is not facially apparent from these allegations, which are non-specific and boilerplate, whether Plaintiff's claims satisfy the jurisdictional threshold, subsequent information offered by Plaintiff clarifies the amount in controversy. Specifically, Plaintiff has not challenged removal on the basis that his claims do not exceed $75,000, and, moreover, Plaintiff alleged in his memorandum in support of this Motion that the injury to his hand during the Accident was caused by "the sudden explosion of a hose filled with water pressurized to 10,000 pounds per square inch for hydro blasting operations. When the hose failed, water was shot into Plaintiff's hand with such a force that **it made a hole in Plaintiff's hand** (despite gloves) and filled Plaintiff's hand with dirty water." R. Doc. 5-1, p. 2 (emphasis added). Further, Plaintiff also alleged in his supporting memorandum that, as a result of the Accident, Plaintiff "has had multiple surgeries." *Id.* at p. 3. Plaintiff's description of the injury to his hand and reference to multiple surgeries, allegations in the Petition of "permanent" injuries, "residual disability," and disfigurement, and demand for a jury trial, as well as the lack of any argument disputing the amount in controversy indicate that Plaintiff's claims will likely exceed $75,000 exclusive of interest and costs.

Removal and the Petition, Plaintiff is alleged to be a citizen of Louisiana.[13] Westlake Chemical Corporation is alleged to be a Delaware corporation with a principal place of business in Texas. Westlake Chemical Entergy, LLC is alleged to be a limited liability company with one member, Westlake NG I Corporation, which is a Delaware corporation with its principal place of business in Texas.[14] Therefore, these parties are diverse. The Notice of Removal states that Turner, which is alleged to be a "Louisiana limited liability company"[15] in the Petition and therefore not diverse from Plaintiff, was improperly joined in an attempt to defeat this Court's diversity jurisdiction.[16] After setting forth the applicable legal standards governing the analysis of the second test for improper joinder, *i.e.*, whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant either through a Fed. R. Civ. P. 12(b)(6)-type analysis or a summary inquiry, the Westlake Defendants contend that Plaintiff's claims fail to meet the Fed. R. Civ. P. 12(b)(6) standard and Turner is improperly joined because "plaintiff does not have a reasonable basis for recovering against Turner."[17] The Westlake Defendants contend that Plaintiff's exclusive remedy against Turner, his employer, is pursuant to Louisiana's Worker's Compensation Act ("LWCA"), La. R.S. 23:1032, *et seq.*, and that Plaintiff's attempt to invoke the intentional act exception in La. R.S. 23:1032(B) fails because Plaintiff's allegations are "patently insufficient" to state a claim that Turner committed an intentional tort.[18] Therefore,

---

[13] R. Doc. 1, ¶ 7 *citing* R. Doc. 1-2, ¶¶ II-A.
[14] R. Doc. 1, ¶¶ 10-11.
[15] None of the parties properly identified the citizenship of Turner, which is alleged to be a limited liability company and whose citizenship is thus determined by that of its underlying members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). However, the parties agree that Turner is not diverse from Plaintiff. *See* R. Doc. 5-1, Plaintiff's Memorandum: "There is not complete diversity among the parties," and "Defendants' Notice of Removal does not dispute that Plaintiff's petition, on its face, is not removable because Plaintiff and Turner are Louisiana residents." R. Doc. 5-1, pp. 1, 3. While Plaintiff incorrectly refers to Turner's "residency," Plaintiff's argument that the case is not removable because Turner and Plaintiff are both "Louisiana residents" indicates that Plaintiff believes that these parties are not diverse.
[16] R. Doc. 1, ¶ 12.
[17] R. Doc. 1, ¶¶ 12-18.
[18] R. Doc. 1, ¶¶ 19-21.

according to the Westlake Defendants, Plaintiff cannot establish a cause of action against Turner, who was improperly joined. The Westlake Defendants further contend that Turner's citizenship should be ignored, and once ignored, complete diversity exists among the remaining parties.[19] On September 12, 2018, Plaintiff responded to the Notice of Removal with the instant Motion,[20] which was opposed by Defendants.[21] Plaintiff then filed his Reply Memorandum.[22]

The question before the Court is whether Turner[23] is properly joined as a defendant in this matter. If Turner is properly joined as Plaintiff contends, then, as an alleged citizen of Louisiana, Turner's presence in this action destroys diversity jurisdiction and the Motion should be granted.[24] If Turner is improperly joined, as the Westlake Defendants assert, then the claims against Turner will be dismissed, complete diversity of citizenship will exist as to the remaining parties, and the Motion should be denied.

## II.  Law and Analysis

### A. Standard for Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[25] When original jurisdiction is based on

---

[19] R. Doc. 1, ¶¶ 24-27.
[20] R. Doc. 5.
[21] R. Doc. 7.
[22] R. Doc. 13.
[23] The record reflects an ambiguity with respect to the which Turner entity employs Plaintiff. Plaintiff named "Turner Industries, LLC," and the Westlake Defendants also refer to the improper joinder of "Turner Industries, LLC." *See* R. Doc. 1-2, ¶ II-B and R. Doc. 1, ¶ 12. However, the affidavit of Plaintiff's former supervisor Kenneth Little, Sr. ("Little"), which is attached to the Westlake Defendants' opposition memorandum, attests that Little has "been employed by Turner Specialty Services, L.L.C. ('Turner')," and that on the date of the Accident, "Hugo Garcia was also working at the Westlake facility in Plaquemine, Louisiana as an employee of Turner." R. Doc. 7-1, ¶¶ 2, 5. While the substantive allegations of the Little affidavit are not being considered herein as they relate to Turner's improper joinder, *see* the discussion below, the affidavit appears to indicate that Turner Industries LLC may not be Plaintiff's actual employer. The Louisiana Secretary of State's website also reflects that "Turner Industries, L.L.C." has been inactive since 2013, when it merged into another Turner entity. In any case, the identity of the correct Turner entity is not necessary for resolution of the instant Motion. The finding that Plaintiff's employer is improperly joined would apply to whichever Turner entity is Plaintiff's employer (if that is not Turner Industries, LLC).
[24] 28 U.S.C. §1441(b)(2).
[25] 28 U.S.C. § 1441(a).

4

diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[26] Remand is proper if at any time the court lacks subject matter jurisdiction.[27] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[28]

### B. Standard for Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[29] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[30] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[31]

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[32] As to the second method, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[33] The Westlake Defendants do not assert that there has been fraud in the pleading of jurisdictional facts

---

[26] 28 U.S.C. § 1332(a)(1).
[27] *See* 28 U.S.C. § 1447(c).
[28] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[29] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).
[30] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (*quoting Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). *See also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").
[31] *Bartel v. Alcoa Steamship Co.*, No. 14-251, 64 F.Supp.3d 843, 847 (M.D. La. Dec. 4, 2014) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[32] *Smallwood,* 385 F.3d at 573, (*quoting Travis*, 326 F.3d at 646-47).
[33] *Smallwood,* 385 F.3d at 573.

related to Turner. Accordingly, the undersigned considers whether there is a reasonable basis to predict that Plaintiff might be able to recover against Turner, the non-diverse defendant, and/or whether there is some possibility that Plaintiff can establish a cause of action against Turner, as Plaintiff urges.[34]

A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[35] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[36]

---

[34] R. Doc. 5-1, p. 5 and R. Doc. 13, pp. 2-3.
[35] *Smallwood*, 385 F.3d at 573.
[36] *Id*. at 573-74. *See also id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also African Methodist Episcopal Church*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").

### C. Turner is Improperly Joined

#### 1. The generalized and conclusory allegations in the Petition against Turner are insufficient to establish a basis for recovery

In order to establish fraudulent joinder, the Westlake Defendants must prove there is no possibility Plaintiff can recover against Turner in this tort action under applicable state law.[37] The Westlake Defendants argue that Turner, as Plaintiff's employer, is immune from Plaintiff's tort suit pursuant to the LWCA.[38] Louisiana Revised Statute §23:1032 provides that workers' compensation benefits are the exclusive remedy of an employee against an employer for injuries arising out of and in the course and scope of his employment, which Plaintiff acknowledges.[39] This immunity from tort actions, however, does not apply when the employee's injuries are the result of an intentional act of the employer.[40]

It is undisputed that Plaintiff was an employee working in the course and scope of his employment with Turner at the Westlake Defendants' facility when the Accident occurred.[41] However, Plaintiff contends that the LWCA does not bar this suit against Turner because Plaintiff's injuries were caused by an intentional tort committed by Turner.[42] Thus, this Court must determine whether there is any possibility that Plaintiff can recover from Turner for an intentional tort.

---

[37] "When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims." *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2013 WL 1296678, at *2 (M.D. La. March 28, 2013), *subsequent history omitted,* (*citing LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. App'x. 451, 453 (5th Cir. 2011) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).
[38] R. Doc. 7, pp. 1-2, *and see* La. R.S. § 23:1032, *et seq.*
[39] R. Doc. 5-1, p. 4.
[40] La. R.S. § 23:1032(B). *See Charkhian v. National Environmental Testing, Inc.*, No. 95-177, 907 F.Supp. 961 (M.D. La. July 24, 1995).
[41] R. Doc. 1-2, ¶ III-A, R. Doc. 5, p. 1, R. Doc. 1, ¶ 19, R. Doc. 7, p. 2 and R. Doc. 7-1, ¶ 5.
[42] R. Doc. 5, p. 5, R. Doc. 13, pp. 2-3.

The Louisiana Supreme Court defines an intentional tort as occurring when "the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."[43] "[T]he substantially certain test is satisfied when an employer consciously subjects an employee to a hazardous or defective work environment where injury to the employee is nearly inevitable—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided."[44] The parties agree that these are the applicable legal standards.[45]

Per the Petition, Plaintiff generally alleges that Turner was "substantially certain"[46] that Plaintiff's injuries would result based on sixteen generally-described "failures" that are attributed to all Defendants, including the failure to adequately supervise and train employees and implement adequate safety policies.[47] Plaintiff also alleges in support of this Motion that Turner committed an intentional tort by its alleged failure to properly maintain and inspect its equipment, which created a dangerous condition that Turner knew was substantially certain to cause harm to Plaintiff.[48] Plaintiff contends that he pled factual allegations "sufficient to show at least the

---

[43] *Frank*, 828 F.Supp.2d at 849 *citing Bazley v. Tortorich,* 67,318 (La. 2/26/81), 397 So.2d 475, 482.
[44] *Mclin v. H & H Lure Co.,* No. 99-347, 102 F. Supp.2d 341, 344 (M.D. La. June 2, 2000) *citing Guillory,* 95 F.3d at 1327 (other citations omitted).
[45] *See* R. Doc. 13, p. 5 and R. Doc. 5, pp. 4-5.
[46] Plaintiff argues that an employer's subjective desire to injure, or not injure, its employee is irrelevant. R. Doc. 5-1, p. 5 and R. Doc. 13, p. 2. Rather, the inquiry is whether the employer knowingly created a substantially-certain hazard. R. Doc. 13, p. 2, *citing Reeves v. Structural Preservation Systems,* 98-1795, (La. 3/12/99), 731 So.2d 208, 211. *See also* R. Doc. 5-1, p. 5. Plaintiff argues that "substantially certain means the injuries are 'inevitable,' (*Reeves* at 731 So.2d at 213) or, in other words, are 'going to happen; it's just a matter of time.' *Robinson N. AM. Salt. Co.,* 865 So.2d 98, 107 (La. App. 1 Cir. 2003)." R. Doc. 5-1, p. 5 and R. Doc. 13, p. 2.
[47] *See* R. Doc. 1-2, ¶ III-B, alleging "Defendants" failure to: adequately supervise their employees, train their employees, have adequate policies and procedures, have adequate safety policies and procedures, properly maintain their equipment, properly inspect their equipment, use proper equipment, provide and/or install adequate equipment, ensure that their worksite was reasonably safe, adequately maintain the premises at issue, adequately warn of a dangerous/hazardous condition, remedy a dangerous and/or hazardous condition, and provide adequate medical treatment. Additionally, Plaintiff alleges "Defendants" created a dangerous and/or hazardous condition, are vicariously for the conduct of their employees, and violated applicable government regulations, laws, rules, and industry standards.
[48] R. Doc. 5-1, p. 5 and R. Doc. 13, p. 3.

possibility of establishing a cause of action against Turner under La. R.S. 23:1032(B)"[49] through Plaintiff's allegation that Turner "committed basic failures in keeping its employees safe, including failing to ensure equipment's safety and maintenance, and failures to inspect its equipment. And Plaintiff has further alleged that these failures created a dangerous and/or hazardous condition."[50] Plaintiff lastly contends that Turner knew of the dangerous condition it created because it knew it failed to properly maintain and inspect equipment, which failure created "an inevitability of injury."[51]

The Westlake Defendants argue that Plaintiff has not pled, and cannot prove, facts implicating the intentional act exception to the LWCA's bar on Turner's tort liability because Plaintiff has not alleged any specific facts that Turner consciously desired to harm him.[52] The Westlake Defendants contend that Plaintiff has only alleged, in a conclusory fashion, that Turner knew with substantial certainty that Plaintiff would be injured as a result of Turner's negligence, negligence per se, and gross negligence. The Westlake Defendants further argue that, to state a cause of action, Plaintiff must allege facts supporting each element of his claim, not mere legal conclusions, as "conclusory and general allegations are insufficient to overcome a showing that a non-diverse defendant was improperly joined."[53] According to the Westlake Defendants,

---

[49] R. Doc. 13, p. 3.
[50] R. Doc. 13, p. 3. Contrary to the Westlake Defendants' contention at R. Doc. 7, p. 8, Plaintiff's Petition does generally allege that Turner "creat[ed] a dangerous and/or hazardous condition," although Plaintiff's Petition alleges that such conduct was "negligent, negligent per se, and grossly negligent." R. Doc. 1-2, ¶ III-B, introductory paragraph and subsection (k).
[51] R. Doc. 13, p. 5.
[52] R. Doc. 7, pp. 4-5.
[53] R. Doc. 7, p. 6, *citing Sims v. Dow Chemical Co*., No. 08-612, 2009 WL 722302, at *5 (M.D. La. Mar. 18, 2009)(other citations omitted). *See also* R. Doc. 7, pp. 6-8 *citing Bonner v. Georgia Pacific, LLC*, No. 12-456, 2013 WL 2470466, *1 (M.D. La. June 7, 2013) (granting motion to dismiss for failure to state a claim and holding: "a plaintiff cannot merely include the word 'intentional' or the phrase 'substantially certain' in a complaint to avoid application of the exclusive remedy provision of Louisiana's workers' compensation law," *and Williams v. Syngenta Corporation*, No. 15-644, 2016 WL 807762, at *7 (M.D. La. Feb. 3, 2016), *report and recommendation adopted*, No. 15-644, 2016 WL 888865 (M.D. La. Mar. 1, 2016) (finding that the employer was improperly joined and the plaintiff's allegations did not support a finding that his employer knew that his illness was substantially certain to occur.) *Id*. at *8.

Plaintiff's claims are "completely devoid of any factual allegations. Plaintiff merely sets out a formulaic recitation of the standard for a cause of action for an 'intentional' act under the [LWCA]…," which fails to state a claim against Turner. The Westlake Defendants assert that Plaintiff fails to allege any facts to show that Turner had reason to know that the hose to the pressure washer Plaintiff was using would "explode" or that Plaintiff would be injured as a result.[54]

Plaintiff bears the burden of demonstrating that a work-related injury resulted from an intentional act.[55] In *Guillory v. Domtar Industries Inc.,*[56] the Fifth Circuit noted that "[c]ourts narrowly interpret the intentional act loophole to the workers' compensation system."[57] In *Guillory,* an employee was injured after being struck on the head by a fork that fell from a forklift. When ruling on a motion for summary judgment, the Court found that the employer did not intend to injure the employee and, therefore, the exclusivity provisions of the LWCA prevented the employee from recovering against the employer in tort. The *Guillory* court concluded that, even if the falling fork created a " 'high probability' of injury, this would not establish 'intent' sufficient to bypass the workers' compensation system."[58] The *Guillory* court further noted that, even if it could be established that the employers' acts or omission constituted "gross negligence," "intent" still would be lacking.[59] The Fifth Circuit found that an employer's prior knowledge that forks could fall off the forklifts, including prior knowledge that one of the forks usually fell off the forklift used by the plaintiff, was not enough to establish intent on the part of the employer.[60]

---

[54] R. Doc. 7, p. 8.
[55] *Frank v. Shell Oil Co.,* No. 11-871, 828 F.Supp.2d 835, 849 (E.D. La. Oct. 31, 2011), *on reconsideration in part,* No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012), *citing Mayer v. Valentine Sugars, Inc.,* 83-1388 (La. 01/16/84), 444 So.2d 618.
[56] 95 F.3d 1320 (5th Cir. 1996).
[57] 95 F.3d at 1328 (citations omitted). *See also Zimko v. Am. Cyanamid,* 2003-0658 (La. App. 4 Cir. 6/8/05), 905 So.2d 465, 475, *writ denied*, 2005-2102 (La. 3/17/06), 925 So.2d 538, *citing Reeves,* 731 So.2d at 211.
[58] *Id.* (citations omitted).
[59] *Id.* (citations omitted).
[60] 95 F.3d at 1327.

Plaintiff's allegations fail to state a claim against Turner. As noted, the Petition's assertions of sixteen general "failures" of all Defendants, *e.g.*, their failure to properly inspect and implement adequate safety policies, are not supported by any specific facts sufficient to show that Turner acted intentionally to harm Plaintiff. Plaintiff's allegations are similar to the ones considered and rejected by this Court in *Pate v. Adell Compounding, Inc.*[61] In that case, the plaintiff employee was injured when his sleeve got caught in a roller of a strand puller and, like Plaintiff herein, the *Pate* plaintiffs named the employer on the basis of the employer's alleged intentional tort. To establish an intentional tort, the *Adell* plaintiffs alleged in their petition that: the supervisors "knew of the dangerous propensity of the strand puller…, but made a conscious decision not to perform the necessary safety alterations to the machine; and, further, made a conscious decision to continue to require its employees to operate the machine in its obviously unsafe condition;" the employer "intentionally caused the injuries" and "is held to have known of the dangerous propensities and defective design of the strand puller, and knew that an accident resulting in the nature of the [plaintiff's] injuries was substantially certain to occur;" and finally, the employer's "total disregard for [plaintiff's] safety and its conscious decision to not provide any safety guards on the strand puller constitute an intentional act under the provisions under La. R.S. 23:1032(B)."[62] This Court found that the plaintiffs "have failed to point to any specific facts or offer any evidence which even hints of any specific facts which support their intentional tort claim against Adell," and squarely held:

> Viewing the facts most favorable to the plaintiffs, this Court finds an employer's knowledge of a work place risk to an employee does not constitute "intent" under the intentional act exclusion. Therefore, this Court finds there is no reasonable basis for predicting that a Louisiana state court might impose liability on Adell on the plaintiffs' intentional tort theory.[63]

---

[61] No. 97-132, 970 F.Supp. 542, 547 (M.D. La. July 14, 1997).
[62] *Pate*, 970 F.Supp. at 547.
[63] *Pate,* 970 F.Supp. at 547.

11

The same reasoning applies to Plaintiff's claims here. Plaintiff has failed to come forward with any specific facts to support his intentional tort claim against Turner.

Furthermore, it is notable that, although Plaintiff has stated in a conclusory manner that Turner was substantially certain his injuries would result from Turner's "failures," Plaintiff has also alleged generally that all Defendants' caused the Accident through "negligence, negligence per se and gross negligence."[64] This Court recognized in *Williams v. Syngenta Corp.* that pleading an employer's gross negligence (and/or an employer's failure to provide a safe place to work or faulty equipment) does not state a claim for an intentional tort*:*

> Generally, Louisiana courts recognize that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, **gross negligence**,[65] disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing. *DelaHoussaye v. Morton Intern. Inc.,* 300 Fed.Appx. 257, 258 (5th Cir. 2008) (citing *Micele v. CPC of La., Inc.,* 709 So.2d 1065, 1068 (La.App. 4 Cir.1998)); *see also Rosales v. Bunzzy's Enter. Realty LLC,* No. 06–11149, 2008 WL 754856, at *2 (E.D. La. Mar. 19, 2008) (identifying certain situations that Louisiana courts have determined "**almost universally do not form the basis of an intentional tort: failure to provide a safe place to work, poorly designed machinery,** failure to follow OSHA safety provisions, failure to provide requested safety equipment, **and failure to**

---

[64] R. Doc. 1, ¶ III-A, ¶ III-B. In support of this Motion, Plaintiff reiterates his belief that Turner's "gross negligence" establishes substantial certainty. ("Plaintiff further alleged that given this gross negligence, Turner was 'substantially certain' that Plaintiff's injuries would result."). R. Doc. 5-1, pp. 2-3.

[65] *See also Reeves,* 731 So.2d at 212, *citing Gallant v. Transcontinental Drilling Co.,* No. 17,008 (La.App. 2 Cir. 06/12/85), 471 So.2d 858 ("[G]ross negligence does not meet the intentional act requirement.").

**correct unsafe working conditions**.")[66] (citing *Zimko v. American Cyanamid,* 905 So.2d 465, 477 (La.App. 4 Cir. 2005)) (emphasis added).[67]

In *Reeves v. Structural Preservation Systems,*[68] the Louisiana Supreme Court noted that the state appellate courts have narrowly construed the intentional act exception and have "almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment,"[69] and, when addressing the plaintiff's contention that the supervisor's fear that someone would get hurt if a 350 to 400 pound sandblasting pot was moved manually met the "substantial certainty" test, held: "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."[70]

Moreover, while the Petition claims that Turner was "substantially certain" Plaintiff's injuries would result, this Court has also recognized that "a plaintiff cannot merely include the

---

[66] *See also Hardy v. Ducote* 246 F.Supp. 2d 509, 514 (W.D. La. 2003) ("Louisiana courts have held that the following acts do not fall within the intentional act exception: (1) an employer's knowledge as to allegedly poor condition of tires where injury was possible or even likely to occur, *Verret v. State Farm Mut. Auto. Ins. Co.,* 759 So.2d 115, 124 (La.App. 3 Cir.2000), *writ denied,* 760 So.2d 1159 (La.2000); (2) knowledge by an employer that it utilizes hazardous chemicals and that there is a potential in the work place for accidental discharge of those products, *Bourque v. Nan Ya Plastics Corp.,* 906 F.Supp. 348, 352 (M.D.La.1995); (3) allegations of failure to provide a safe place to work, *Hood v. South Louisiana Med. Ctr.,* 517 So.2d 469, 471 (La.App. 1 Cir.1987); (4) poorly designed machinery and failure to follow OSHA safety provisions, *Cortez v. Hooker Chemical & Plastics Corp.,* 402 So.2d 249, 250–51 (La.App. 4 Cir.1981); (5) failure to provide requested safety equipment, *Jacobsen v. Southeast Distribs., Inc.,* 413 So.2d 995, 997–98 (La.App. 4 Cir.1982), *writ denied,* 415 So.2d 953 (La.1982); and (6) failure to correct unsafe working conditions, *Dycus v. Martin Marietta Corp.,* 568 So.2d 592, 594 (La.App. 4 Cir.1990), *writ denied,* 571 So.2d 649 (La.1990).").
[67] *Williams,* 2016 WL 807762, at *5.
[68] 731 So.2d at 211.
[69] *Reeves,* 731 So.2d at 211-12 (holding that it was not an intentional act for an employer to direct an employee to manually move a 350 to 400-pound sandblasting pot although this procedure was prohibited by OSHA regulations and notwithstanding that the employee's supervisor had specifically requested a forklift from the employer.).
[70] *Reeves,* 731 So.2d at 212. *See also, Dycus v. Martin Marietta Corp.*, 568 So.2d at 594, *citing Jacobsen v. Southeast Distributors, Inc.,* No. 12,791 (La.App. 4 Cir. 06/11/82), 413 So.2d 995, 998, *writ denied,* 415 So.2d 953 (La.1982)("Louisiana Courts have held that an employer's failure to provide even specifically requested safety equipment is not an intentional tort for purposes of the exception to the worker's compensation exclusivity rule. Even proof that a worker was told by his employer to work in an unsafe place was considered insufficient to prove an intentional tort.")

word 'intentional' or the phrase 'substantially certain' in a complaint to avoid application of the exclusive remedy provision of Louisiana's workers' compensation law."[71] Plaintiff's allegations are insufficient because there are no supporting facts to show that Turner "knowingly subjected" Plaintiff to risks or failures of the equipment or that Turner was "substantially certain" that harm would come to Plaintiff because of the defective equipment Plaintiff used. The Petition does not allege any facts to that show, for example, that similar accidents had occurred in the past using the equipment in question.[72]

Plaintiff's briefing on this Motion merely reiterates the allegations of the Petition, without providing any additional factual support or persuasive legal authority.[73] Plaintiff's allegation that Turner was "substantially certain" his injuries would result because Turner failed to properly maintain its equipment and created a dangerous condition[74] is the type of conclusory allegation

---

[71] *Williams,* 2016 WL 807762, at *8, *citing Bonner*, 2013 WL 2470466 at *3, and *McLin*, 102 F.Supp.2d at 344-45.
[72] *See Bonner*: "…[a] distinguishing feature in determining whether the conduct complained of meets the 'substantial certainty' test is whether the event has occurred before or whether the injury has manifested itself before." 2013 WL 2470466, at *2 (citations omitted).
[73] *B., Inc. v. Miller Brewing Co*., 663 F.2d 545 (5th Cir. 1981), relied on by Plaintiff, involved a claim of improper joinder in the context of the wrongful termination of a distributorship agreement, and is thus factually distinguishable from the instant matter, which concerns the fraudulent joinder of an employer in contravention of the exclusivity provision of the LWCA. Additionally, Plaintiff's other authority, *Danos v. Stihl Inc.,* No. 14-505, 2014 WL 3796009, (E.D. La. July 31, 2014) is not persuasive, although it does involve fraudulent joinder in the context of the LWCA. In *Danos*, an employee received "violent" workplace injuries to his head and neck while cutting a pipe and sued his employer based on the LWCA intentional act exception. *Id*. The U.S. District Court for the Eastern District of Louisiana remanded the case twice. In its second remand order, the *Danos* court provided a brief reference to its first remand order; however, the *Danos* court's second remand order provides no specifics as to the facts urged by the employee to show that the employer committed an intentional act. Review of the docket in *Danos* indicates that, in the first remand proceeding, the *Danos* plaintiff relied on an expert report that opined that the injury to the *Danos* plaintiff (*e.g*., kick back on the employee of a concrete saw that the employee was ordered to use to cut concrete pipe despite his lack of experience and training) was inevitable. On the strength of this report, the Court found that there was some possibility that the *Danos* plaintiff could recover against his non-diverse employer. *Martin, et al v. Boh Brothers Construction, LLC, et al, consolidated with Danos v. Boh Brothers Construction, LLC, et al,* Nos. 10-1468 and 10-1469 (E.D. La. Oct. 12, 2010). Notably, however, the Louisiana Supreme Court disagreed and ultimately found that the *Danos* plaintiff failed to establish that the employer knew that the plaintiff's accident was substantially likely to occur such that the intentional tort exception did not apply. *Id*. The Louisiana Supreme Court's *Danos* ruling actually supports the findings here. *Danos, et al v. Boh Brothers Construction Co*., *LLC, et al*, No. 13-2605 (La. 02/7/14), 132 So.2d 958, 960 ("Under the facts presented, we do not find Mr. Martin's injury was inevitable. Rather, the evidence indicates there had been no similar accidents in the company's history. In hindsight, Boh Bros. may have been negligent in directing employees to use unsafe cutting procedures, but its actions were not intentional.").
[74] R. Doc. 5-1, p. 5 and R. Doc. 13, p. 3.

14

that the Court is not required to accept.[75] "[U]nder Louisiana law, the intentional tort exception to the exclusive remedy provision of the workers' compensation statute is to be given a narrow interpretation. As such, the standard for prevailing on a claim of intentional tort under Louisiana law is 'extremely high.'"[76] Plaintiff's allegations against Turner are not enough to meet this standard and Plaintiff's claims against Turner should be dismissed without prejudice.[77]

### 2. It is not necessary to pierce the pleadings and consider summary-judgment type evidence

The Westlake Defendants urge the Court to "pierce the pleadings," as they contend that the "evidence before the Court conclusively establishes that Plaintiff cannot maintain a claim against Turner."[78] One piece of evidence to which the Westlake Defendants refer is the affidavit of Kenneth Little, Sr., who was Plaintiff's former supervisor and Turner's foreman.[79] Essentially Little's affidavit attests that he was not substantially certain the Accident would occur. Eight months after Plaintiff filed his Reply Memorandum, Plaintiff filed the pending Motion to Supplement, asking to supplement the record with the affidavit of Plaintiff's former co-worker, Levy Jackson, to contradict Little's affidavit.[80]

Plaintiff's Motion to Supplement will be denied. When a plaintiff's allegations *can survive a Rule 12(b)(6) challenge*, the district court may, in some circumstances, "'pierce the pleadings and conduct a summary inquiry' before slamming the door on a claim of improper joinder."[81]

---

[75] *Mclin,* 102 F. Supp.2d at 345.
[76] *Bonner,* 2013 WL 2470466, *2 (citations omitted).
[77] *See Montoya v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 16-00005 (RCL), 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice.") (citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).
[78] *See* R. Doc. 7, pp. 9-10, *citing Davison,* 819 F.3d at 765.
[79] R. Doc 7-1.
[80] R. Docs. 19 and 19-1. On July 9, 2019, the Westlake Defendants filed a Response to the Motion to Supplement. R. Doc. 20.
[81] *Pitman v. Crane Co.*, No. 13-83, 2013 WL 1403326, at *3 (E.D. La. April 5, 2013) (Emphasis added).

Here, because Plaintiff's allegations cannot survive a Fed R. Civ P. 12(b)(6)-type analysis, it is not necessary to consider "summary-judgment type" evidence, *i.e.,* the affidavits submitted by the Westlake Defendants or Plaintiff.

### D. Turner's Consent Was Not Required for Removal

28 U.S.C. §1446(b)(2)(A) provides that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Plaintiff argues that the removal is invalid because the Westlake Defendants failed to obtain Turner's consent to the removal.[82] However, the Fifth Circuit has held that a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.[83] Thus, Turner's consent to removal was not required and the removal by the Westlake Defendants was proper.

### III. Conclusion

Turner has been improperly joined as a defendant in this case. The generalized allegations against all defendants regarding their acts of gross negligence and the conclusory allegation in the Petition that Turner was "substantially certain" Turner's "failures" would result in Plaintiff's injuries are not sufficient to establish the intentional act exception to the LWCA's exclusivity provision. As Turner should be dismissed from this suit, complete diversity exists in this action between the properly joined defendants and the Court may exercise subject matter jurisdiction.

Accordingly,

---

[82] R. Doc. 5-1, p. 6 and R. Doc. 13, p. 4. Plaintiff also argues that the removal is improper based on the forum-defendant rule because Turner is a "Louisiana limited liability (sic)." R. Doc. 5-1, p. 6. This argument is mooted by the finding that Turner was improperly joined.

[83] *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007), *citing Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

**IT IS RECOMMENDED** that Plaintiff's claims against Turner Industries, L.L.C. be **DISMISSED WITHOUT PREJUDICE** and that the Motion to Remand[84] be **DENIED.** In the event this recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this matter be referred for a scheduling conference.

**IT IS ORDERED** Plaintiff's Motion for Leave to Supplement the Record[85] is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[84] R. Doc. 5.
[85] R. Doc. 19.