UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUGO GARCIA,<br>    *Plaintiff*<br><br>  *v.*<br><br>WESTLAKE CHEMICAL<br>CORPORATION, ET AL.<br>    *Defendants* | *<br>*  CIVIL ACTION NO.  3:18-cv-00764<br>*<br>*<br>*  JUDGE BRIAN A. JACKSON<br>*<br>*<br>*  MAGISTRATE JUDGE ERIN WILDER-<br>*  DOOMES<br>*<br>* |

**STATUS REPORT – STATUS REPORT INSERTS OF DEFENDANTS, WESTLAKE CHEMICAL CORPORATION AND WESTLAKE CHEMICAL ENERGY, LLC**

**A. JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff, Hugo Garcia, and Defendants, Westlake Chemical Corporation and Westlake Chemical Energy, LLC, are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.[1]

**B. BRIEF EXPLANATION OF THE CASE**

    1. Plaintiff claims:

This is a personal-injury case involving severe injuries sustained at an industrial worksite. Through no fault of his own, Plaintiff Hugo Garcia had contaminated water shot through his skin and into his hand when a hose carrying highly pressurized water to a hydro-blasting gun he was operating suddenly burst. Since the injury, Plaintiff has learned that the hydro-blasting equipment

---

[1] Plaintiff does not agree that this Court has jurisdiction, but acknowledges the Court's ruling on his Motion To Remand (Dkt. #5).

and the inspection and maintenance work associated it, grossly deviated from industry standards of care and made injury to any person who operated the gun a substantial certainty. Plaintiff contends that Westlake's actions constituted an intentional tort. Plaintiff has not been permitted in any discovery into either liability or Westlake's assertion that it is his statutory employer.

2. Defendant claims:

Defendants, Westlake Chemical Corporation and Westlake Chemical Energy, LLC (collectively, "Westlake"), contend Plaintiff's claims should be dismissed on summary judgment because Plaintiff is Westlake's statutory employee and Plaintiff has not pled—much less could he ever prove—intentional tort on the part of Westlake.

Westlake laid out its contentions and affirmative and other defenses in the "Answer to Plaintiff's Original Petition on Behalf of Westlake Chemical Corporation and Westlake Chemical Energy, LLC" filed herein. Doc. 3.

Plaintiff's claims against Westlake are barred by the worker's compensation laws of Louisiana. His employer, Turner Industries, LLC ("Turner"), contracted to perform work and provide services at the Westlake facility in Plaquemine, Louisiana. That written contract recognized Westlake as the statutory employer of Turner's employees. Plaintiff has not alleged that Westlake committed an intentional act that led to his injury, and he could not in any event put forth competent evidence of such an intentional act. The hydro-blasting work Plaintiff was engaged in at the time of the accident had been conducted regularly at the Westlake facility for decades before this accident. To Westlake's knowledge, Plaintiff is the first person in all those years of such work at this facility to experience this type of accident. At no time was Westlake substantially certain that Plaintiff would be injured as a result of the work he (Plaintiff) was doing at the time of the accident.

Thus, Plaintiff's claims against Westlake are ripe for dismissal, and Westlake requests that the Court limit the initial phase of discovery in this matter to resolve the statutory employer issue, thereby obviating the need for expensive and needless discovery and motion practice on other, less germane issues.

Based on the current state of discovery, Westlake disputes all issues of fact, liability, and damages. Westlake asserts that it owed no duty to Plaintiff, an employee of an independent contractor, and that Westlake did not act negligently or in any way to subject it to liability. Plaintiff has no claim for exemplary damages under Louisiana law. Westlake has raised other affirmative defenses regarding the accident and Plaintiff's alleged injuries.

**C.  PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

There are no pending motions.

**D.  ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

The parties assert that the following are legal issues involved in this matter, all of which are likely to be in dispute:

1. Whether Westlake Chemical Corporation and/or Westlake Chemical Energy, LLC was negligent.

2. Whether the negligence of Westlake Chemical Corporation and/or Westlake Chemical Energy, LLC proximately caused Plaintiff Hugo Garcia's injuries.

3. Whether Westlake Chemical Corporation and/or Westlake Chemical Energy, LLC are the proper defendants in this matter related to the operations of the Plaquemine, Louisiana, facility at issue;

4. Whether Westlake was Plaintiff's statutory employer at the time of the accident;

5. Whether the work Plaintiff was engaged in was an integral part of and essential to Westlake's ability to generate its goods or products;

6. Whether Plaintiff's accident was the result of an intentional tort on Westlake's part;

7. Whether Plaintiff's actions or conduct bar or alternatively reduce his right of recovery;

8. Whether Plaintiff failed to make reasonable efforts to mitigate his damages, if any;

9. The nature, scope, and extent of the damages sustained by Plaintiff, if any;

10. Whether Plaintiff can prove all of the required elements of his tort claim;

11. Whether Westlake owed any responsibility or duty to Plaintiff;

12. The extent to which any other entity or person, whether or not a party, caused or contributed to Plaintiff's alleged accident or injuries, and whether that entity or person's fault should be quantified by the jury;

13. Whether Plaintiff was contributorily negligent and/or comparatively at fault;

14. Whether Plaintiff is entitled to any damages against Westlake;

15. Whether Westlake is entitled to credits or set offs;

16. All factual questions implicit in or raised by the disputed issues or law; and

17. All legal issues inherent in and/or raised by the "Answer to Plaintiff's Original Petition on Behalf of Westlake Chemical Corporation and Westlake Chemical Energy, LLC" filed herein. Doc. 3.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

    Plaintiff intends to rely on expert testimony to calculate his future losses in earning capacity and the reasonable cost of the medical care his injuries will require in the future. Plaintiff estimates that the sum of his past-medical expenses and lost wages to date exceeds $150,000.00.

2. Defendants' calculation of offset and/or plaintiff's damages:

    Westlake does not believe that Plaintiff suffered or is entitled to any damages for which Westlake is legally responsible. Further, while Westlake does not have a damages claim against Plaintiff, it reserves its right to seek reimbursement of all costs incurred in defending this action as permitted by law.

3. Counterclaimant/cross claimant/third party's calculation of damages:

    N/A.

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

Plaintiff: None.

Defendants: None

**G. DISCOVERY:**

1. Initial Disclosures

    a. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES [X] NO

    The parties will exchange initial disclosures as required by Local Rule 26(b).

>In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    b.   Do any parties object to initial disclosures?

[ ] YES [X] NO

>For the party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

Plaintiff has conducted minimal discovery. He has obtained his own medical records from his providers and he has obtained a sworn affidavit by a witness.

By defendants: None.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Plaintiff: None.

Defendants: Depending on the discovery ultimately sought from Westlake, a protective order for confidential business materials may be needed. Westlake anticipates that all counsel will be able to agree on the form and substance of such an order.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff:

Plaintiff intends to offer expert testimony on all aspects of liability, past-and-future economic losses, and past-and-future medical expenses.

By Defendants: At this point, Westlake anticipates that this matter should be quickly resolved, with Plaintiff's claims being dismissed because he was Westlake's statutory employee and has no evidence to sustain a claim of intentional tort against Westlake.

Should this matter not be resolved on a dispositive motion on that issue, the subject matters as to which expert testimony may be offered by Westlake include plant and process operations, safety, materials science, and economics, as well as any additional subject matter(s) on which Plaintiff may seek to offer expert testimony.

**H. PROPOSED SCHEDULING ORDER[2]**

Westlake respectfully requests (and Plaintiff disputes) that the Court enter a Scheduling Order limited to and focusing on the issues of (1) whether Plaintiff was Westlake's statutory employee; (2) whether Plaintiff has pled facts implicating the intentional act exception to Louisiana's worker's compensation bar to statutory employee tort liability; and (3) whether Plaintiff can put forth competent evidence establishing a genuine issue of material fact on the question of intentional tort on the part of Westlake (collectively, the "Statutory Employment Issues"). With that in mind, Westlake suggests the following proposed Scheduling Order:

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: n/a.

2. Recommended deadlines to join other parties or to amend the pleadings:

    Defendants' recommendation: **December 15, 2019**.[3]

3. Filing all discovery motions and completing all discovery:

---

[2] The proposed scheduling order must include actual calendar dates rather than time periods that require calculation (e.g. March 21, 2017 not 90 days before pretrial conference).

[3] Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents.

   Defendants: Deadline for filing discovery motions and completing discovery on Statutory Employment Issues, except experts: **February 12, 2019.**

4. Disclosure of identities and résumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Defendants: Deadlines for disclosing identities and résumés of expert witnesses on Statutory Employment Issues:

   > Plaintiff:  **December 16, 2019.**
   >
   > Defendants:  **January 16, 2020.**

5. Exchange of expert reports on Statutory Employment Issues:

   Defendants: Deadlines for exchange of expert reports on Statutory Employment Issues:

   > Plaintiff:  **December 16, 2019.**
   >
   > Defendants:  **January 16, 2020.**

6. Completion of discovery from experts:

   Defendants: Completion of discovery from experts on Statutory Employment Issues:: **February 28, 2020.**

7. Filing dispositive motions and Daubert motions:

   Defendants: Filing dispositive motion(s) on Statutory Employment Issues: **March 31, 2020.**

**WESTLAKE'S ALTERNATIVE PROPOSED SCHEDULE**

If Westlake's request for an initial schedule focused on and limited to the Statutory Employment Issues is denied, Westlake suggests the following schedule be entered:

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: n/a.

2. Recommended deadlines to join other parties or to amend the pleadings: **December 15, 2019**.[4]

3. Filing all discovery motions and completing all discovery except experts: **August 10, 2020.**

4. Disclosure of identities and résumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff:  **October 9, 2020.**

    Defendants:  **December 8, 2020.**

5. Exchange of expert reports:

    Plaintiff:  **October 9, 2020.**

    Defendant:  **December 8, 2020.**

6. Completion of discovery from experts:  **February 5, 2021.**

7. Filing dispositive motions and Daubert motions:  **April 6, 2021.**

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[5] The parties should not provide any proposed dates for these remaining deadlines.

---

[4] Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents.

[5] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under paragraph numbers 7 or 8 must be by motion directed to the presiding judge.

    a.   Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.   Deadline to file motions *in limine* (approximately 20-22 weeks after dispositive motion deadline).

    c.   Deadline to file responses to motions *in limine* (approximately 22-24 weeks after dispositive motion deadline).

    d.   Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e.   Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.   Trial date (approximately 27-29 weeks after dispositive motion deadline).

**PLAINTIFF'S PROPOSED SCHEDULE**

Plaintiff does not object to Westlake's Alternative Schedule except that Plaintiff contends that the joinder and amendment deadline should be January 31, 2020, to afford Plaintiff an opportunity to identify any potential parties that may be added after receiving Westlake's discovery. Plaintiff further submits that the Alternative Schedule is appropriate because Plaintiff requires liability discovery concerning Westlake's negligence and whether the actions of Westlake constituted an intentional tort. Plaintiff cannot respond to the summary-judgment motion(s) described by Westlake without such discovery.

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I. TRIAL**

1. Has a demand for trial by jury been made?

    [X] YES [ ] NO

2. Estimate the number of days that trial will require.

    Plaintiff/Defendants: 5 trial days.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[X] YES [ ] NO

i. If the answer is yes, please explain:

Defendants: The parties are unable to reach an agreement as to Westlake's suggestion and request that the Court enter an initial Scheduling Order limited to and focusing on the issues of (1) whether Plaintiff was Westlake's statutory employee; (2) whether Plaintiff has pled facts implicating the intentional act exception to Louisiana's worker's compensation bar to statutory employee tort liability; and (3) whether Plaintiff can put forth competent evidence establishing a genuine issue of material fact on the question of intentional tort on the part of Westlake. Westlake's position is that this action is ripe for dismissal on the statutory employer/intentional act issue and that limiting discovery to these issues will be most efficient and cost-effective for all involved. Conversely, conducting full discovery, and the related motion and other practice, on all issues would be a waste of the Court's and parties' time and resources.

Plaintiff contends that he would be severely prejudiced by a scheduling order that does not afford him an opportunity to conduct full liability discovery. Plaintiff has received no discovery to date concerning liability, and he cannot fairly respond to Westlake's proposed motions without such discovery. Further, Plaintiff cannot investigate or determine whether any additional parties need to be added without liability discovery. Given the severity of his injuries and the wrongful acts necessarily involved, Plaintiff vigorously disputes that his or this Court's resources would be "wasted" by the discovery of the underlying liability facts.

ii. If the answer is no, do the parties want the court to cancel the scheduling conference

    and to enter a scheduling order based on the deadlines set out in this report? CHECK

    "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.

    [ ] YES [X] NO

## K. SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

2. Do the parties wish to have a settlement conference:

[ ] YES [X] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

## L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [X] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

Report dated: October 31, 2019.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Ben Bireley*
Noah M. Wexler
Ben Bireley
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
bbireley@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**